UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION AT LAFAYETTE

| DARRELL LEE FERGUSON, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| v. | ) | Case No. 4:13-cv-061 JD |
| STATE OF INDIANA, *et al.*, | ) | |
| Defendants. | ) | |

## OPINION AND ORDER

This case arises from an allegedly unlawful arrest. Darrell Lee Ferguson, a *pro se* plaintiff, filed a complaint alleging claims under 42 U.S.C. § 1983 and a motion for leave to proceed *in forma pauperis*. [DE 1, 2.] The lawsuit was originally filed in the Southern District of Indiana. That court granted the IFP petition [DE 4] and then transferred the case to the Northern District of Indiana [DE 5].[1]

Mr. Ferguson named three defendants in his complaint. One of them, Don Hoftetler, has not been served. (His summons was returned unexecuted.) [DE 17.] The defendants who have appeared—Tim Kendall (a detective with the Indiana State Police) and the State of Indiana—have moved to dismiss the claims against them. [DE 21.] Those Defendants filed the required *pro se* notice to Mr. Ferguson of their motion to dismiss. [DE 26.]

Mr. Ferguson has filed a number of documents since the filing of the motion to dismiss, many of which could be construed as a response to the motion to dismiss.[2] [DE 23, 25, 27, 28, 29, 30, 34, 35, 37, 40.] Trooper Kendall and the State filed a reply in support of their motion to

---
[1] Mr. Ferguson has another pending case before the undersigned. *Ferguson v. James*, 4:13-cv-50. The lawsuits share some common facts, though the other lawsuit is brought against different defendants and challenges actions related to Indiana state court child custody and support proceedings.

[2] Almost all of the filings carry the case numbers of both of Mr. Ferguson's currently pending cases, and so contain some facts not relevant to the claims in this particular lawsuit.

1

dismiss. [DE 31.] The motion is ripe for decision. For the reasons stated below, Defendants' motion to dismiss is **GRANTED**. [DE 21.]

## I. Factual Background

Mr. Ferguson's claims arise out of an arrest that occurred on May 9, 2013. The allegations are, at times, difficult to follow and sparse on facts. However, the Court has reviewed the complaint, as well as Mr. Ferguson's later filings, to attempt to determine what exactly Mr. Ferguson alleges that the Defendants did. *See Geinosky v. City of Chicago*, 675 F.3d 743, 745 n.1 (7th Cir. 2012) (plaintiff may elaborate on factual allegations in response to a Rule 12(b)(6) motion, so long as the new facts are consistent with the pleadings).

On May 9, police went to the home of Mr. Ferguson's former wife, who is also the mother of his son. [DE 25 at 1.] Police were informed that Mr. Ferguson was fishing with his son. [*Id.*] They were also informed that there was an order from an Indiana state court which barred Mr. Ferguson from having contact with his son. [*Id.*] Later that day, police questioned a person with whom Mr. Ferguson lives, as well as Mr. Ferguson's son. [*Id.* at 2.] Mr. Ferguson alleges that each of the people with whom police spoke told police that Mr. Ferguson was sober, non-violent, and did not have any weapons. [*Id.* at 1–2.] Also, at some point (the exact timing is not clear), Don Hoftetler,[3] an attorney in the office of the Indiana Attorney General, contacted police to inform them that Mr. Ferguson called Mr. Hoftetler and threatened to kill people. [DE 1 at 4.] Mr. Ferguson alleges that such a statement was a lie. [DE 25 at 3.]

On May 9, Mr. Ferguson walked out his door and was surrounded by police officers. [DE 1 at 4; DE 25 at 1.] The police pointed guns at Mr. Ferguson and took him into custody. [*Id.*] Mr. Ferguson was interviewed by Trooper Kendall and requested a lawyer. [DE 1 at 4.] It

---

[3] This may be a spelling error on the part of Mr. Ferguson. An internet search indicates that there is a Don Hostelter who was at some point employed by the Indiana Attorney General, but who appears to no longer work in that office. Consistent with the complaint, this opinion refers to him as "Mr. Hoftetler."

is not clear from the factual allegations whether or not Trooper Kendall was one of the arresting officers.

Mr. Ferguson claims that the arrest was done without probable cause. [DE 25 at 3–4.] However, Mr. Ferguson also alleges that on May 11, 2013, he appeared before a judge who found probable cause. [DE 25 at 2.] Mr. Ferguson alleges that he was held for five days and that no charges were ever filed. [DE 1 at 3.]

Based on these allegations, Mr. Ferguson seeks monetary damages of $500,000. [DE 1 at 6.] In one filing, Mr. Ferguson referenced the standards for granting injunctive relief and a temporary restraining order [DE 27 at 1]; however, he has not requested any injunctive relief in his complaint, has never moved for a temporary restraining order, and the Court cannot locate any injunctive relief requested in any filing.

## II. Standard of Review

The Defendants who have appeared move to dismiss the claims against them under Rule 12(b)(6) of the Federal Rules of Civil Procedure. In ruling on this motion, the Court is cognizant that a "document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted).

Rule 12(b)(6) authorizes dismissal of a complaint when it fails to set forth a claim upon which relief can be granted. When considering a Rule 12(b)(6) motion to dismiss, the Court must decide whether the complaint satisfies the "notice-pleading" standard. *Indep. Trust Corp. v. Stewart Info. Servs. Corp.*, 665 F.3d 930, 934 (7th Cir. 2012). The notice-pleading standard requires that a complaint provide a "short and plain statement of the claim showing that the pleader is entitled to relief," sufficient to provide "fair notice" of the claim and its basis. *Id.*

(citing Fed. R. Civ. P. 8(a)(2)); *Maddox v. Love*, 655 F.3d 709, 718 (7th Cir. 2011) (internal citations omitted); *see also Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting Fed. R. Civ. P. 8(a)(2)). In determining the sufficiency of a claim, the Court construes the complaint in the light most favorable to the nonmoving party, accepts all well-pleaded facts as true, and draws all inferences in the nonmoving party's favor. *Reynolds v. CB Sports Bar, Inc.*, 623 F.3d 1143, 1146 (7th Cir. 2010) (internal citations omitted).

The Supreme Court has adopted a two-pronged approach when considering a Rule 12(b)(6) motion to dismiss. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678–79 (2009). First, pleadings consisting of no more than mere conclusions are not entitled to the assumption of truth. *Id*. This includes legal conclusions couched as factual allegations, as well as "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Id.* at 678 (citing *Twombly*, 550 U.S. at 555). Second, if well-pleaded factual allegations are present in the complaint, courts should "assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id*. at 679.

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. The complaint "must actually suggest that the plaintiff has a right to relief, by providing allegations that raise a right to relief above the speculative level." *Maddox*, 655 F.3d at 718 (internal citations omitted). A plaintiff's claim, however, need only be plausible, not probable. *Indep. Trust Corp.*, 665 F.3d at 934 (quoting *Twombly*, 550 U.S. at 556). "[A] well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of those facts is improbable, and that a recovery is very remote and unlikely." *Id*. In order to satisfy the plausibility standard, a plaintiff's complaint must "supply enough facts to raise a reasonable

4

expectation that discovery will yield evidence supporting the plaintiff's allegations." *Twombly*, 550 U.S. at 556. Determining whether a complaint states a plausible claim for relief is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679 (internal citations omitted). Factual allegations, however, "that are merely consistent with a defendant's liability . . . stop[] short of the line between possibility and plausibility of entitlement to relief." *Id.* at 678.

### III. Discussion

Mr. Ferguson brings his claims under 42 U.S.C. § 1983. Section 1983 gives federal courts the jurisdiction to hear lawsuits that allege violations of constitutional rights by persons acting under color of state law. However, there are limits to a court's ability to adjudicate actions under section 1983. "Section 1983 only permits an individual to sue a 'person' who deprives that individual of his or her federally-guaranteed rights under color of state law." *Snyder v. King*, 745 F.3d 242, 246 (7th Cir. 2014). Additionally, certain defendants are immune from claims for monetary liability.

The State and Trooper Kendall raise such defenses to Mr. Ferguson's claims. Each of the Defendants is addressed, in turn, below.

#### A. The State of Indiana

The State raises several arguments in support of dismissing the claims against it. [DE 22 at 2–6.] However, one argument is dispositive of any and all monetary claims against the State (which is the only type of claim that Mr. Ferguson brings), so the Court need only reach that argument.

Specifically, the State correctly argues that it is not a "person" under section 1983 for the purposes of a claim for damages. *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989)

("We hold that neither a State nor its officials acting in their official capacities are 'persons' under § 1983."); *Johnson v. Supreme Court of Ill.*, 165 F.3d 1140 (7th Cir. 1999) (citing *Will*). Mr. Ferguson alleges no other jurisdictional basis for his monetary claim against the State, and the Court cannot identify any other potential basis that could exist. Because this argument is dispositive, the Court need not consider the State's other arguments. *See Mercado v. Dart*, 604 F.3d 360, 361–62 (7th Cir. 2010) (statutory rule that a state is not a "person" under section 1983 "makes it unnecessary and inappropriate to consider what limits the eleventh amendment would create.")

No matter the allegations against the State, it cannot be sued under section 1983 for monetary damages. Accordingly, the claim against the State of Indiana is **DISMISSED WITH PREJUDICE**.

      **B.**      **Trooper Kendall**

With respect to the claims against Trooper Kendall, it is unclear whether Mr. Ferguson is suing him in his official or personal capacity. Because of Mr. Ferguson's *pro se* status, the Court liberally construes the complaint to include both official and personal claims. However, both types of claims have legal flaws that require the Court to dismiss them at this time.

With respect to any claim against Trooper Kendall in his official capacity, the claim suffers from the same deficiency as the claim against the State. Like the State, a state official acting in his official capacity is not a "person" under section 1983. *Will v. Michigan Dept. of State Police*, 491 U.S. 58, 71 (1989) ("Obviously, state officials literally are persons. But a suit against a state official in his or her official capacity is not a suit against the official but rather is a suit against the official's office. As such, it is no different from a suit against the State itself." (citations omitted)).

"Whether a particular official is the legal equivalent of the State itself is a question of that State's law." *Garcia v. City of Chicago*, 24 F.3d 966, 969 (7th Cir. 1994). The Indiana State Police is a unit of the government of Indiana. *Endres v. Indiana State Police*, 349 F.3d 922, 927 (7th Cir. 2003). Employees of the State Police, like Trooper Kendall, are thereby state officials and not subject to suit in their official capacity under section 1983. *Estate of O'Bryan v. Town of Sellersburg*, No. NA 02-238-CH/H, 2003 WL 21852320, at *2 (S.D. Ind. July 2, 2003). Accordingly, the claim asserted against Trooper Kendall in his official capacity is **DISMISSED WITH PREJUDICE**.

Turning to the claim against Trooper Kendall in his individual capacity, that claim fails because the allegations in Mr. Ferguson's complaint are insufficient to support a claim of any deprivation of a constitutional right. The Court believes the only potential way to construe Mr. Ferguson's claim against Trooper Kendall is as one for false arrest or imprisonment. However, there is no allegation or suggestion in Mr. Ferguson's complaint that Trooper Kendall had any role in Mr. Ferguson's arrest. Because Mr. Ferguson's complaint does not allege sufficient facts against Trooper Kendall to state a plausible claim, dismissal on that basis is justified.

Additionally, even assuming for the sake of argument that Trooper Kendall did take some part in Mr. Ferguson's detention, probable cause existed. "Police officers have probable cause to arrest an individual when 'the facts and circumstances within their knowledge and of which they have reasonably trustworthy information are sufficient to warrant a prudent person in believing that the suspect had committed' an offense." *Mustafa v. City of Chicago*, 442 F.3d 544, 547 (7th Cir. 2006) (quoting *Kelley v. Myler*, 149 F.3d 641, 646 (7th Cir. 1998)). "[A]s long as a reasonably credible witness or victim informs the police that someone has committed a crime, or is committing, a crime, the officers have probable cause." *Matthews v. City of East St. Louis*,

675 F.3d 703, 706–07 (7th Cir. 2012) (quoting *Spiegel v. Cortese*, 196 F.3d 717, 723 (7th Cir. 1999)). When the facts before the Court on a motion to dismiss establish that the arresting officers had probable cause, granting a motion to dismiss a section 1983 claim on that basis is proper. *Williamson v. Curran*, 714 F.3d 432, 443 (7th Cir. 2013).

Here, the complaint alleges that an Assistant Attorney General called police and informed them that Mr. Ferguson had threatened to kill people. [DE 1 at 4.] Trooper Kendall argues that, if they were made, such threats would violate Indiana state law. Ind. Code § 35-45-2-1(b)(1)(A) (intimidation is a Class D felony, if "the threat is to commit a forcible felony"). Trooper Kendall does not address that statute's requirement that the person communicating the threat has an intent "that the other person engage in conduct against the other person's will" or "that the other person be placed in fear of retaliation for a prior lawful act," § 35-45-2-1(a). However, the Court determines that the facts pleaded by Mr. Ferguson establish such intent, where Mr. Ferguson's alleged call was to an official within the Indiana Attorney General's Office, during a time in which Mr. Ferguson had ongoing child custody disputes with which he exhibited substantial frustration. Moreover, the facts pleaded by Mr. Ferguson establish that officers had probable cause to arrest him for violation of a no-contact order, which was shown to the officers by Mr. Ferguson's former wife. *Abbott v. Sangamon Cnty.*, 705 F.3d 706, 715 (7th Cir. 2013) ("an arrest can be supported by probable cause that the arrestee committed any crime, regardless of the officer's belief as to which crime was at issue."). Additionally, the Court notes that a judge found probable cause for Mr. Ferguson's arrest and detention. [DE 25 at 2.]

Because the complaint does not state sufficient facts to state a plausible claim for relief and—based on those facts that were alleged—probable cause existed for Mr. Ferguson's arrest,

8

the claim against Trooper Kendall in his individual capacity is **DISMISSED WITHOUT PREJUDICE**.

### IV. Conclusion

The allegations raised in Mr. Ferguson's complaint fail to state a claim on which relief can be granted. Accordingly, the Motion to Dismiss [DE 21] is **GRANTED**. Mr. Ferguson's claims against the State of Indiana and Tim Kendall (in his official capacity) are **DISMISSED WITH PREJUDICE**. Mr. Ferguson's claim against Tim Kendall (in his individual capacity) is **DISMISSED WITHOUT PREJUDICE**. The Court also notes that one of Mr. Ferguson's filings was titled "Objection to Any Dismissal and Request for Hearing if Dismissal is Granted." [DE 30.] Because he has failed to demonstrate any cause for a hearing, the request for a hearing is **DENIED**.

SO ORDERED.

ENTERED:   July 31, 2014

/s/ JON E. DEGUILIO
Judge
United States District Court